**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ALBERT ALLEN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHAMPION ENTERPRISES, INC., et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>06-0422-BH-C |

**ORDER**

This action is before the Court on plaintiffs' motion (Doc. 15) to compel arbitration and the motions (Docs. 23, 28, 29 and 32) filed by defendant Redman Homes, Inc. ("Redman") to strike certain evidence proffered by the plaintiffs.  Upon consideration of the aforementioned motions, defendants' respective responses (Docs. 20-22) in opposition to the motion to compel arbitration, plaintiffs' replies in support of arbitration (Docs. 24, 25 and 27), plaintiffs' responses in opposition to the motions to strike (Docs. 26 and 30), and all other pertinent portions of the record, the Court concludes that plaintiffs' motion to compel arbitration is due to be denied while Redman's motions to strike are due to be granted.

1.  <u>Motions to Strike</u>

With respect to two of Redman's motions to strike (Docs. 23, 28 and 32), the Court finds that the affidavit of Margaret Allen, which was filed as an attachment to

plaintiffs' first response in opposition (Doc. 26)[1] to Redman's motions to strike, is untimely and contains neither a declaration that it is based upon her own personal knowledge nor, more importantly, any evidence to substantiate that any of the defendants were either signatories or otherwise bound to the excerpted arbitration clause attached to plaintiffs' replies (Docs. 25 and 27) to two of the defendants' responses in opposition to plaintiffs' motion to compel arbitration.  Ms. Allen declares only that the excerpted arbitration clause came from the warranty manual she received "at the time I purchased my mobile home."  Doc. 26-2. No other details of any kind are given.  Ms. Allen has failed to proffer any signed contract which contains an arbitration clause such as she seeks to impose upon the defendants.   Consequently the evidence of record does not establish the existence of a valid agreement to arbitrate.  Ms. Allen's affidavit and the excerpted arbitration clause identified as Plaintiffs' Exhibit 1 at Docs. 25 and 27 are therefore due to be stricken.

With respect to the last of Redman's motions to strike (Doc. 29), the Court again finds that the challenged exhibits were untimely proffered in that they were first presented as attachments to plaintiffs' reply (Doc. 24) to Redman's response (Doc. 20) in opposition to plaintiffs' motion to compel arbitration.  The Court further finds that two of the challenged exhibits include two agreements to arbitrate which: (1) were not entered into by the plaintiffs in the case at bar; (2)  relate to litigation pending in the United States District Court for the Middle District of Alabama which is separate and distinct from the

---

[1]Although the second affidavit executed by Ms. Allen on October 20, 2006, and attached to plaintiffs' second response (Doc. 30) does declare that it is based on Ms. Allen's personal knowledge, the affidavit still fails to substantiate that any of the defendants were either signatories or otherwise bound to the excerpted arbitration clause at issue and remains untimely.

2

case at bar; (3) constitute unauthenticated documents which at best are pure hearsay in this litigation; and (4) do not by any stretch of the imagination constitute evidence that "the parties hereto had an informal agreement to move this case . . . to arbitration." Doc. 24-1 at ¶ 2 and at Exhs. 1-2. Finally, the Court finds that the affidavit[2] proffered by the plaintiffs in reply (Doc. 24) to Redman's response (Doc. 20) is not only inadmissible hearsay but does not alter the fact that plaintiffs failed to initially produce any admissible evidence to establish that the transaction at issue in this case involved interstate commerce.[3] Consequently, the documents at issue in the last of Redman's motions to strike are due to be stricken.

    2.    <u>Motion to Compel Arbitration</u>

As Redman correctly sets forth in its response, adopted by the remaining defendants, Champion Home Builders Co. ("CHB")[4] and Champion Enterprises, Inc. ("CEI"), arbitration can only be compelled under the Federal Arbitration Act ("FAA")

---

[2]The affidavit in question involves testimony sworn to on January 13, 2003, by an individual identified as Parker Holloway and as the Field Operations Manager for the Richland, Georgia manufacturing facility of Redman Homes, Inc. and offered in a state court action presumably pending at that time in the Circuit Court of Barbour County, Alabama.

[3]Plaintiffs have proffered no evidence that the opinion expressed in Mr. Holloway's 2003 affidavit is still applicable, that Redman's Richland, Georgia facility still exists, or that plaintiffs' home was in fact manufactured at such a facility. A different affidavit by Mr. Holloway which was submitted earlier in this case (Doc.1 at Exh D) and dated July 15, 2006, attests only to the following facts: (1) "Champion Home Builders Co. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Auburn Hills, Michigan . . . [which] operates plants throughout the United States, including Tennessee, Nebraska, Colorado, New York, Alabama, Pennsylvania, California, Idaho and North Carolina"; and (2) "Redman Homes, Inc. is a Delaware corporation with its principal place of business in Auburn Hills, Michigan . . . [which] operates plants throughout the United States, including Pennsylvania, Indiana, North Carolina, Texas, Arizona and Oregon." The affidavit the case at bar makes no reference to any plant being located in Georgia.

[4]Champion Home Builders Co. was incorrectly named in the complaint as "Champion Home Builders Co., Inc."

where there is "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . ., or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA also provides, in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

9 U.S.C. § 3 (emphasis added). Finally, it cannot be disputed that "arbitration is a creature of contract and no party can be compelled to submit a dispute to arbitration without having given prior contractual consent to do so." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1011 (11th Cir. 1998), *citing*, *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

Plaintiffs first argue that "[t]here is a strong federal preference for arbitration of disputes expressed by Congress in the FAA that must be enforced wherever possible." Motion to Compel (Doc. 15) at ¶ 9, *citing*, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003). Plaintiffs then acknowledge that: "In determining whether the parties agreed to arbitrate a particular dispute, courts consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question

4

falls within the scope of that agreement." *Id*. at ¶ 10, *quoting*, *Patriot Manufacturing, Inc. v. Dixon*, 399 F.Supp 2d 1298 (S.D. Ala. 2005).  Plaintiffs have, however, for the reasons stated above and in the defendants' respective opposition briefs, failed to establish that a valid agreement to arbitrate exists with respect to either Redman, CHB or CEI or that such agreement involved interstate commerce.[5]  Consequently, the motion to compel arbitration must be denied.[6]

For the reasons stated above, it is **ORDERED** that plaintiffs' motion to compel arbitration be and is hereby **DENIED** while Redman's motions to strike are due to be and are hereby **GRANTED**.  In view of this decision, it is **FURTHER ORDERED** that this

---

[5] The Court must also point out that, with respect to the document submitted by the plaintiffs as the arbitration agreement, the excerpted paragraph clearly states that "the Claim(s) first shall be mediated as administered by the American Arbitration Association under its Commercial Mediation Rules **before resorting to binding arbitration.**"  Doc. 25-2 (emphasis added).  The allegation that in certain unrelated cases, the parties agreed that mediation "would not be a worthwhile process" (Doc. 25 at ¶ 5) does not render the alleged provision inapplicable in the case at bar.  The Court is also hard-pressed to accept the document proposed by the plaintiffs as a valid agreement to arbitrate when plaintiffs themselves contend that they "dispute that the commercial rules do not apply and that splitting the costs equally is not allowed."  Motion to Compel at ¶ 5.

[6] Even had the evidence of record established the existence of a valid arbitration agreement, plaintiffs clearly waived their right to compel arbitration by filing and prosecuting this litigation without ever reserving the right to compel arbitration.  As the Eleventh Circuit held in *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995), "the doctrine of waiver is not an empty shell."  Plaintiffs in the case at bar substantially participated in this litigation to a point inconsistent with an intent to arbitrate and, despite plaintiffs' protestations to the contrary, this participation clearly results in prejudice to the defendants.  *See e.g.*, *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)("Thus, a party that '[s]ubstantially invok[es] the litigation machinery' prior to demanding arbitration may waive its right to arbitrate [and] [a] party has waived its right to arbitrate if, 'under the totality of the circumstances, the ⋯ party has acted inconsistently with the arbitration right', [citation omitted] and, in so acting, has in some way prejudiced the other party."); *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1524, 1543 (11th Cir. 1990)("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration.").

action now be referred to the Magistrate Judge for the entry of an appropriate Rule 16(b) Scheduling Order.

**DONE** this 30th day of October, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE