IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 06-0422-BH-C |
| CHAMPION ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is now before the Court on plaintiffs' motion (Doc. 40) to alter or amend the Order entered by this Court on October 30, 2006 (Doc. 37) denying plaintiff's motion to compel arbitration (Doc. 15), or alternatively to remand this action for lack of subject matter jurisdiction.  The Court will first take the cart before the horse.  Plaintiffs' alternative motion to remand is due to be denied in view of plaintiffs own concession that diversity jurisdiction exists:

> [T]he parties are citizens of different states involved in an interstate dispute involving the manufacture and sale of a home in excess of $75,000.  Accordingly, the Plaintiffs, in light of the admission of these obvious facts, do not challenge undisputed factual underpinnings that the [sic] establish diversity jurisdiction.

Motion at 4.

As to plaintiffs' contention that the Court erred in concluding that the plaintiffs had "failed to establish that . . . [the alleged arbitration] agreement involved interstate commerce," plaintiffs have not referred to any evidence proffered by them in either

support of their motion to compel arbitration or in connection with their reply to defendants' opposition briefs.  As to plaintiffs' contention that the Court erred in concluding that the plaintiffs had  "failed to establish that a valid agreement to arbitrate exists with respect to either Redman, CHB or CEI," plaintiffs again have failed to refer to any argument proffered by them either in support of their motion to compel arbitration or in connection with their reply to defendants' opposition briefs.  Plaintiffs present arguments concerning the validity of the alleged arbitration agreement affecting interstate commerce simply comes too late in view of plaintiffs' initial burden.

Finally, despite plaintiffs' protestations to the contrary, the Court concludes that the plaintiffs have waived their right to arbitrate.  Plaintiffs filed this action on or about June 19, 2006, prosecuted it without any reservations, and only asserted a right to arbitrate on September 25, 2006 nearly two months after the action was removed to this Court from the Circuit Court of Baldwin County, Alabama, and a motion to dismiss was filed by Champion Enterprises, Inc.

Consequently, the Court concludes and it is **ORDERED** that plaintiffs' present motion (Doc. 40) is due to be and is hereby **DENIED** and the Order entered on  October 30, 2006 (Doc. 37) denying plaintiff's motion to compel arbitration is due to be and is hereby **AFFIRMED**.

**DONE** this 16th day of November, 2006.

                                                 s/ W. B. Hand
                                                 SENIOR DISTRICT JUDGE